## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSIAH GIBSON, on behalf of himself and on all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BURLINGTON CAPITAL PM GROUP, INC; BURLINGTON CAPITAL PROPERTIES, LLC,<br><br>　　　　　Defendant. | Case No. 24-cv-00299<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT, NEBRASKA WAGE AND HOUR ACT, AND NEBRASKA WAGE PAYMENT AND COLLECTIONS ACT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff Josiah Gibson ("Plaintiff") brings this lawsuit as a collective and class action on behalf of himself, and all others similarly situated who have worked for Burlington Capital PM Group, Inc. and Burlington Capital Properties, LLC (together, "Defendants" or "Burlington Capital") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219, the Nebraska Wage Payment and Collection Act ("WPCA") Neb. Rev. Stat§§ 48-1228, *et seq.*, and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201, *et seq*. Throughout the relevant time period of this action, Plaintiff and similarly situated workers were denied payment for all hours worked, including overtime.

2. This case implicates Burlington Capital's longstanding policy of automatically deducting one hour of pay from employees' pay even when they did not take a meal period, and rounding down time, which results in failure to compensate non-exempt employees for all work performed.

3. Defendant's conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff, the putative Collective and Class members, be paid at one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours in a single workweek. *See* 29 U.S.C. § 207(a).

4. Therefore, Plaintiff files this action to recover on behalf of himself, Collective members, and Class members, all unpaid wages, compensation, penalties, and other damages owed to them under the state law, individually, as a collective action under 29 U.S.C. § 216(b), and as a class action under the NWHA, Neb. Rev. Stat. §§ 48-1201, *et seq.*, in order to remedy the sweeping practices which Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff, and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. The NWHA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Neb. Rev. Stat. § 48-1206(5). Jurisdiction over the NWHA claim is based on 28 U.S.C. § 1367 and Neb. Rev. Stat. § 48-1206(5).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

8. Plaintiff Josiah Gibson is an individual residing in Omaha, Nebraska and is a citizen of the State of Nebraska. Mr. Gibson was employed as a maintenance director by Defendant in Omaha, Nebraska at the Springhill Ridge Apartments.

9. The FLSA Collective members are all similar hourly and non-exempt employees in the United States within the three years preceding the filing of this Complaint, or within the three years that the FLSA Collective Members originally asserted their FLSA claims.

10. The Nebraska Class members are all similar hourly and non-exempt employees in the State of Nebraska within the four years preceding the filing of this complaint. *See* Neb. Rev. Stat. § 25-206.

11. Defendant Burlington Capital PM Group, Inc. is a Nebraska corporation with its principal place of business located in Omaha, Nebraska. As such, Defendant is considered a citizen of Nebraska.

12. Defendant Burlington Capital Properties, LLC. is a Delaware limited liability company with its principal place of business located in Omaha, Nebraska. As such, Defendant is considered a citizen of Nebraska.

13. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

15. Plaintiff and the putative Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

16. Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

## FACTUAL BACKGROUND

17. Defendant owns and manages hundreds of properties across the United States.

18. Defendant employs hundreds of hourly non-exempt workers.

19. Plaintiff was employed by Defendant as a non-exempt Maintenance Director at Springhill Ridge Apartments in Omaha, Nebraska from approximately April 2020 through February 2024. At the end of his employment, Plaintiff's hourly rate of pay was $31.29 per hour. As the maintenance director, Plaintiff's primary responsibilities included responding to any maintenance requests at the properties he was assigned to. Plaintiff was subjected to Defendant's timekeeping, pay, meal break, and overtime policies and practices.

20. Plaintiff was generally scheduled to work 8-hour shifts, five days a week and was on-call three times a week after his regular shifts. On days when the Plaintiff was on call, he had to remain available to return to work within the hours of 5 P.M. until 6 A.M. Upon being called-in, employees have 30-minutes to report back to their job site. Defendant considers employees who do not arrive within 30-minutes of being summoned to have abandoned their job. Plaintiff, Collective, and Class members are not compensated for this "on-call" time. Plaintiff worked more than forty hours in at least one workweek during the three years before filing this Complaint. On average, Plaintiff worked between 40 and 70 hours per week.

21. Defendant provides hourly-paid, non-exempt employees a one-hour meal period when working six or more hour in a shift. Employees clock out at the beginning of their meal period and clock back in at the end of their meal period. However, on days that employees do not clock out for a meal period due to their workload, Defendant nonetheless deducts one hour of pay

from employees' wages. Thus, while employees in fact continue working and are unable to take a bona fide meal period, Defendant nonetheless deducts one hour of pay.

22. These one-hour intervals of deducted time constitute compensable time under the FLSA and NWHA which requires that employers compensate employees for all time worked.

23. Defendant also implements a policy and practice of rounding employees' time entries in Defendant's favor, specifically to the nearest 15-minute increment. Defendant's implementation of this rounding policy results in Collective and Class members performing work they are not compensated for, and results in a rounding policy that favors Defendant more often than it favors the Collective and Class members. On average, Plaintiff worked about 15 minutes that he was not compensated for due to Defendant's rounding policy.

24. The aforementioned policies and practices systematically result in employees not receiving compensation for all hours worked, and specifically not receiving overtime pay and/or for all hours worked over 40 in a week and/or minimum wage under state law for all "off the clock" work.

25. Plaintiff, Collective, and Class members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

26. At the end of each pay period, Plaintiff, Collective, and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

27. Defendant pays Plaintiff, Collective, and Class members on an hourly rate basis.

28. Collective members worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

29. Class members worked more than forty hours in at least one workweek during the four years before this Complaint was filed.

30. When Plaintiff, Collective, and Class members work more than forty hours in a workweek, Defendant does not pay them one and one-half times their regular hourly rate for all hours worked due to Defendant's practice of auto-deducting one hour of pay when Plaintiff and Collective members did not take a meal period, and for improperly rounding down time This practice results in a failure to pay for all time worked, including overtime.

31. Defendant has employed hundreds of people similarly situated to Plaintiff during the three years prior to the filing of this Complaint.

32. Defendant's method of paying Plaintiff, Collective, and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with the FLSA and NWHA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following group of individuals:

> **All current and former hourly, non-exempt employees employed by Defendant in the United States at any time starting three (3) years prior to the filing of this Complaint, or three years preceding the date an opt-in member originally submitted their written consent to sue under the FLSA, until final resolution of this action.**

34. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

35. Plaintiff is informed and believes that Collective members have similarly been denied compensation for time worked, and would therefore likely join this collective action if

provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

36. Plaintiff is similarly situated to Collective members. Collective members regularly work or have worked in excess of forty hours during a workweek within the relevant FLSA time period.

37. Like Plaintiff, Defendant subjected and subjects Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in excess of forty hours, in clear violation of the FLSA.

38. Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

39. Although Plaintiff and Collective members may have different job titles and/or work at different properties, this action may be properly maintained as a collective action on behalf of the defined collective because, throughout the relevant time period:

   a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their departments/facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

   b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

   c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies

7

applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members;

d. Defendant maintained common meal break work policies and practices at issue in this litigation, had the ability to deprive Plaintiff and Collective members of wages owed for work performed during unpaid meal breaks; and

e. Defendant maintained common timekeeping policies and practices at issue in this litigation, set the rounding policies and practices at issue in this litigation, and instituted a non-neutral rounding practice applicable to Plaintiff and Collective members.

40. The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

41. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek including for work performed during deducted meal periods, and/or time worked that goes unpaid as a result of a non-neutral rounding practice.

42. Although the exact amount of damages may vary among Collective members, the damages for the Collective members can be easily calculated, summed, and allocated based on a simple formula.

43. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees for all hours worked. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy, or practice of deducting one hour of wages when Plaintiff and Collective members

did not clock out for meal breaks, and rounding-down time entries, resulting in failure to pay for all overtime hours worked.

44. As such, the potential collective group of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 1,000 people. The precise number of Collective members should be readily available from Defendant's personnel, scheduling, time records, and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendant's records. Given the composition and size of the putative collective group, notice may be provided via First Class Mail, e-mail, text message, and other common modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

45. Plaintiff brings causes of action as a class action on behalf of themselves and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former non-exempt employees who worked for Defendant in the State of Nebraska at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

46. Plaintiff reserves the right to establish additional subclasses as appropriate.

47. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class is easily ascertainable.

9

a. **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believe that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   i. Whether Defendant fails to compensate Class Members for all hours worked, including at minimum wage, in violation of the NWHA and WPCA;

   ii. Whether Defendant has a policy and/or practice of requiring Class Members to be in the control of Defendant, spending time primarily for the benefit of Defendant, without pay;

   iii. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a Member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case

        vigorously on behalf of the Class. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

    e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

48. The Class may also be certified because the prosecution of separate actions by the individual Members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

49. If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

50. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## FIRST CLAIM FOR RELIEF
### COUNT I
### VIOLATION OF THE FLSA
### FAILURE TO PAY OVERTIME COMPENSATION
(On Behalf of Plaintiff and the Collective)

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA § 216(b).

53. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rates of pay for all hours worked in excess of forty hours per week.

54. Throughout the relevant time period, Defendant deducted one hour of pay from Plaintiff and Collective members when they continued working and did not clock out for their meal breaks. This practice results in Plaintiff and Collective not being compensated for all hours worked on a regular basis.

55. Defendant also has a policy and practice of rounding Plaintiff and Collective members' time entries in Defendant's favor. Defendant's implementation of this rounding policy results in Collective members performing overtime work they are not compensated for, and results in a rounding policy that favors Defendant more often than it favors the Collective members.

56. Plaintiff and Collective members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for work they performed, and from which Defendant derived a direct and substantial monetary benefit.

57. Plaintiff and Collective members are entitled to overtime compensation for all hours worked in excess of forty during a workweek during automatically deducted meal breaks and/or time worked that goes unpaid as a result of a non-neutral rounding practice.

58. Defendant cannot satisfy its burden of proof to demonstrate that Plaintiff and Collective members received a *bona fide* meal period, during which Plaintiff and Collective members were fully relieved of all work duties for every unpaid one-hour meal period automatically deducted from their wages.

59. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

60. Defendant's failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

61. Because of Defendant's willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

Plaintiff and Collective members are further entitled to an award of reasonable attorneys' fees and costs of the Action, in addition to any judgment awarded.

### SECOND CLAIM FOR RELIEF
### COUNT II
### VIOLATION OF THE NWHA
### FAILURE TO PAY MINIMUM WAGE
### (On Behalf of Plaintiff and the Class)

62. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

63. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the NWHA including, but not limited to, the right to receive Nebraska's minimum wage rate. Nev. Rev. Stat. § 48-1201 et seq.

13

64. The NWHA regulates, among other things, the payment of minimum wage by "employers" who employ any person in Nebraska, subject to limited exemptions not applicable herein. Neb. Rev. Stat. §§ 48-1202(1)-(3) & 48-1203(1).

65. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the Class within the meaning of the NWHA. Neb. Rev. Stat. §§ 48-1202(1)-(3).

66. During all times relevant to this action, Plaintiff and the Class were Defendant's "employees" within the meaning of the NWHA. Neb. Rev. Stat. §§ 48-1202(1)-(3).

67. Nebraska employees have been entitled to be compensated at a rate of at least $9.00 per hour through December 31, 2022, $10.00 per hour between January 1, 2023 and December 31, 2023, and $12.00 per hour since January 1, 2024. Neb. Rev. Stat. § 48-1203(c).

68. Defendant, throughout the relevant time period, deducted one hour of pay from Plaintiff and Collective members when they continued working and did not clock out for their meal breaks. This practice results in Plaintiff and the Class not being compensated a the applicable minimum wage for all hours worked on a regular basis.

69. Defendant also implements a policy and practice of rounding Plaintiff and Class members' time entries in Defendant's favor. Defendant's implementation of this rounding policy results in Class members performing work they are not compensated for at the applicable minimum wage, and results in a rounding policy that favors Defendant more often than it favors the Class.

70. Defendants, pursuant to their policy and practice, willfully and knowingly violated the NWHA by refusing and failing to pay Nebraska's minimum wage to Plaintiff and the Class.

71. Plaintiff and the Class are entitled to recover from Defendants compensation for the aforementioned unpaid minimum wages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the NWHA.

72.     Plaintiff and the Class are entitled to pre-judgment and post-judgment interest as provided by law.

## THIRD CLAIM FOR RELIEFCOUNT III
## VIOLATION OF THE WPCA
## FAILURE TO TIMELY PAY FINAL WAGES
### (On Behalf of Plaintiff and the Class)

73.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74.     At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the Nebraska Wage Payment and Collection Act ("WPCA") including, but not limited to, the right to receive all wages within 30-days of their regular payday. Neb. Rev. Stat. Ann. § 48-1231.

75.     Defendant does not provide Class Members with their agreed upon wages when due under Nebraska law after their employment with Defendant ends.

76.     An employee having a claim for wages which are not paid within thirty days of the regular payday designated or agreed upon may institute suit for such unpaid wages in the proper court. If an employee establishes a claim and secures judgment on the claim, such employee shall be entitled to recover the full amount of the judgment and all costs of such suit, including reasonable attorney's fees. Neb. Rev. Stat. Ann. § 48-1231(1).

77.     If an employee establishes a claim and secures judgment on such claim under subsection (1) of section 48-1231: (1) An amount equal to the judgment may be recovered from the employer; or (2) if the nonpayment of wages is found to be willful, an amount equal to two times the amount of unpaid wages shall be recovered from the employer. Neb. Rev. Stat. Ann. § 48-1232.

78.     Plaintiff and some of the Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but

unpaid, wages derive from unpaid overtime wages, and time deducted working for the benefit of Defendant.

79. Defendant willfully refuses and continues to refuse to pay Plaintiff and Class Members all wages and overtime wages due from deductions made upon the end of their employment. As a result of Defendant's actions, Plaintiff and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

80. Any amount recovered pursuant to subdivision (1) or (2) of Neb. Rev. Stat. Ann. § 48-1231 shall be remitted to the State Treasurer for distribution in accordance with Article VII, section 5, of the Constitution of Nebraska..

81. Defendant's willful failure to pay Plaintiff and Class Members the wages due and owing them constitutes a violation of the Nebraska WPCA. As a result, Defendant is liable to Plaintiff and Class Members for all penalties owing pursuant to Nebraska laws.

82. Wherefore, Plaintiff and Class members request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

83. For these reasons, Plaintiff, Collective, and Class members respectfully request that judgment be entered in their favor awarding the following relief:

   i. An order preventing Defendant from retaliating in any way against Plaintiff, Class, and any Collective member who joins the present suit based on their pursuit of these claims alleged herein;

   ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

iv. An order finding that Defendant violated the FLSA;

v. An order finding Defendant violated the FLSA willfully;

vi. An order finding that Defendant violated Nebraska law;

vii. An order finding Defendant violated Nebraska law willfully;

viii. All unpaid wages due under the FLSA;

ix. All unpaid wages due under the NWHA;

x. All unpaid wages under the Nebraska WPCA;

xi. An equal amount as liquidated damages as allowed under the FLSA;

xii. Pre- and post-judgment interest to the extent available;

xiii. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Nebraska law;

xiv. Such other and further relief to which Plaintiff, Collective, and Class members may be entitled at law or in equity.

Dated: July 29, 2024

/s/Robert E. Morelli, III
Carolyn H. Cottrell (CA SBN 166977)
*Admission Pro Hac Vice anticipated*
Ori Edelstein (CA SBN 268145)
*Admission Pro Hac Vice anticipated*
Robert E. Morelli, III (Tenn. BPR No. 037004)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street. Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com
*Attorneys for Plaintiff and Collective Members*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: July 29, 2024

*/s/Robert E. Morelli, III*
Carolyn H. Cottrell (CA SBN 166977)
*Admission Pro Hac Vice anticipated*
Ori Edelstein (CA SBN 268145)
*Admission Pro Hac Vice anticipated*
Robert E. Morelli, III (Tenn. BPR No. 037004)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street. Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and Collective Members*