IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSIAH GIBSON, on behalf of himself and on all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BURLINGTON CAPITAL PM GROUP, INC. and BURLINGTON CAPITAL PROPERTIES, LLC,<br><br>Defendants. | 8:24CV299<br><br>**ACKNOWLEDGMENT<br>OF PARTIAL DISMISSAL** |

On November 22, 2024, plaintiff Josiah Gibson ("Gibson") filed a Second Amended Collective and Class Action Complaint (Filing No. 35) against his employer, defendants Burlington Capital PM Group, Inc., and Burlington Capital Properties, LLC (together, "Burlington"). Gibson complains that a number of Burlington's practices and policies violated employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq.*, and the Nebraska Wage Payment and Collection Act ("WPCA"), Neb. Rev. Stat. § 48-1128 *et seq*. Those alleged practices include Burlington's deduction of pay for meal breaks that employees worked through, failure to include employees' total remuneration in calculating overtime pay, management of on-call coverage, and implementation of a rounding policy on employees' time entries.

Now before the Court is Gibson and Burlington's "Joint Stipulation to Dismiss Fair Labor Standards Act's Rounding Claim in the First [*sic*] Amended Complaint" (Filing No. 42) signed by the parties. The parties request the Court dismiss that part of Gibson's putative class-action claims under FLSA without prejudice, leaving the rest of his FLSA, NWHA, and WPCA claims in tact—including his state-law rounding claims. They report that dismissal did not result from any monetary settlement or compensation between the

parties. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (discussing the split of authority on whether judicial approval is required of all FLSA settlements).

Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), "[w]hen all parties to a case sign a dismissal, that dismissal is effective unless federal law provides otherwise." *Id.* at 1027; *see also Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189-90 (8th Cir. 1984) (calling the parties' ability to consent to the dismissal of a suit an "unconditional right"). Here, no further action from the Court is necessary to effectuate that dismissal.[1] *See Gardiner*, 747 F.2d at 1189 (stating "the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval"); *cf. Barbee*, 927 F.3d at 1027 n.1 (noting, as dicta, that "if FLSA settlements are subject to judicial review, the [district] court would retain the authority" to review the fairness of the settlement). The FLSA rounding claim set forth in Gibson's Second Amended Collective and Class Action Complaint is dismissed without prejudice pursuant to the parties' joint stipulation.

Dated this 20th day of February 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1]Federal Rule of Civil Procedure 23(e) requires "the court's approval" for the settlement or voluntary dismissal of "claims, issues, or defenses of a certified class." "[V]oluntary dismissals that occur before class certification are outside the scope of" that rule. 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1797 (3d ed. 2024); *see also Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081-83 (8th Cir. 2017).