IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSIAH GIBSON, on behalf of himself and on all others similarly situated;<br><br>**Plaintiff,**<br><br>vs.<br><br>BURLINGTON CAPITAL PM GROUP, INC, and BURLINGTON CAPITAL PROPERTIES, LLC,<br><br>**Defendants.** | 8:24CV299<br><br>AMENDED<br>CASE PROGRESSION ORDER |

This matter is before the Court following a telephonic hearing held on March 18, 2025, on the parties' Joint Motion to Modify Case Progression Order (Filing No. 48). In accordance with the discussion during the telephonic hearing, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** the Joint Motion to Modify Case Progression Order (Filing No. 48) is granted and the case progression order is amended as follows:

1) The status conference set for March 26, 2025, is cancelled. A status conference to discuss case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **July 23, 2025,** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The First Phase deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **July 29, 2025**.

   a. In the First Phase of discovery, the maximum number of depositions that may be taken by the plaintiffs as a group is ten (10).
   b. Defendants may take the deposition of the named Plaintiff and may depose up to five (5) other persons or 20%, whichever greater, of those who have filed Consents to Sue, subject to the limitations agreed in the parties' Rule 26(f) report.
   c. The named Plaintiff shall be deposed only once, limited by Rule 30(d)(1), and the bifurcated discovery schedule shall not, in and of itself, provide justification in a request for leave of court for a second deposition under Rule 30(a)(2)(A)(ii).

3) The deadline for completing the First Phase of written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **July 29, 2025**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **August 12, 2025**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

4) **Motions Regarding Class Certification.**

   a. The deadline for Plaintiff to file a Motion for Conditional Certification is **August 28, 2025.**
   b. Defendants' Response to Plaintiff's Motion for Conditional Certification is due **30 days** after Plaintiff files a Motion for Conditional Certification.
   c. Plaintiff may file a Reply to the Motion for Conditional Certification **14-days** after Defendants' Response.
   d. The deadlines for Plaintiff to file a Motion for Class Certification, and for the Defendants to respond to such motion, shall be determined after ruling on Plaintiff's Motion for Conditional Certification.

5) Deadlines for identification and disclosure of experts, for filing motions to exclude testimony on *Daubert* related grounds, and for filing motions to dismiss and/or for summary judgment will be determined after ruling on Plaintiff's motion for conditional certification.

6) The parties shall contact the Court to schedule a conference to discuss Second Phase case progression, including setting deadlines for merits discovery and dispositive motion practice, within seven (7) days after the Court's ruling on Plaintiff's motion for FLSA Conditional Certification.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 19th day of March, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge