# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOSIAH GIBSON, on behalf of himself and on all others similarly situated;** | |
| **Plaintiff,** | **8:24CV299** |
| vs. | **ORDER** |
| **BURLINGTON CAPITAL PM GROUP, INC, and BURLINGTON CAPITAL PROPERTIES, LLC,** | |
| **Defendants.** | |

      This matter comes before the Court on Plaintiff's Motion for a Protective Order (Filing No. 64). Plaintiff moves the Court for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure regarding a Rule 45 subpoena directed to a nonparty, Wonder Tortoise, LLC ("Wonder Tortoise").[1]

      On March 5, 2025, Defendants filed a Notice of Intent to Serve Rule 45 Subpoena Deuces Tecum upon Wonder Tortoise. (Filing No. 50). The docket does not reflect that Plaintiff filed a certificate of service with the Court within 7-days indicating Plaintiff served written objections to the subpoena upon Defendant. See NECivR 45.1(b) ("After receipt of the notice [of intent to serve Rule 45 subpoena], the adverse party has 7 days to serve written objections to the subpoena on the noticing party. The adverse party must specifically identify the grounds for the objections and must file a certificate of service with the court.").

      Plaintiff filed the instant motion for protective order on April 8, 2025, asserting the subpoena is "so vague that no reasonable person could respond to it intelligently," and because it "seeks irrelevant, cumulative, burdensome, and invasive information, and the Court should prevent the resulting annoyance, embarrassment, oppression, undue burden, and expense." (Filing No. 64). The motion contains Plaintiff's counsel's certificate of service certifying that "on April 8,

---

[1] It is unclear to the Court whether the subpoena has now actually been served upon Wonder Tortoise. Plaintiff's motion and brief state Defendants "served [the subpoena] on Wonder Tortoise," see Filing No. 65 at p. 1 and Filing No. 64, but Plaintiff's counsel's Declaration states, "Defendant served Plaintiff's counsel with a copy of the Subpoena on March 25, 2025," and does not state whether or when the subpoena was served upon Wonder Tortoise, Filing No. 66 at ¶ 3.

1

2025, [plaintiff's counsel] conferred with . . . counsel for Defendants, regarding whether this Motion is opposed," and defense counsel stated "this Motion is opposed." (Filing No. 64 at p. 2).

The Court will deny Plaintiff's motion at this time. Plaintiff's motion is a discovery motion. This district's local rule requires counsel to first meet and confer before filing such a motion:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion **in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences**, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. **"Personal consultation" means person-to-person conversation**, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.1(j) (emphasis added).[2] Plaintiff's counsel's certification that defense counsel opposes the instant motion does not satisfy this requirement.

Additionally, this district's case management practices provide: "[A] discovery motion (to compel, quash, or for a **disputed protective order**) . . . cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1 ([j])); and then b) as stated in the case scheduling order, contacting the magistrate judge assigned to the case to discuss the discovery dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion." See Nebraska magistrate judges' practices, available at <https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management> (emphasis added). The case progression orders entered in this matter also provide, "A motion . . . for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge . . . to set a conference to discuss the parties' dispute." (Filing No. 61 at p. 2).

Plaintiff's counsel failed to demonstrate he engaged in "personal consultation" with defense counsel to "thoroughly discuss the issue with opposing counsel in good faith" before filing this motion. Plaintiff then failed to request a telephone conference with the undersigned magistrate judge after such thorough discussion before filing the instant motion. Plaintiff also did not comply

---

[2] Certification the moving party's good faith meet and confer is also a requirement under Rule 26(c) before filing a motion. See Fed. R. Civ. P. 26(c) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.")

with the local rule requiring him to "file a certificate of service with the court" documenting he served objections to the Notice of Intent to Serve Rule 45 subpoena within 7-days. NECivR 45.1(b). Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for a Protective Order (Filing No. 64) is denied.
2. Plaintiff shall promptly file the required certificate of service of his objections to the subpoena as required by NECivR 45.1(b). Counsel shall meet and confer in good faith as required by the local rules and this district's case management practices regarding this discovery issue. If counsel cannot reach an accord after their good faith meet and confer, they shall contact the chambers of the undersigned magistrate judge to schedule a telephone call to discuss the discovery dispute.

Dated this 9th day of April, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge