IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSIAH GIBSON, on behalf of himself and on all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>BURLINGTON CAPITAL PM GROUP, INC, and BURLINGTON CAPITAL PROPERTIES, LLC,<br><br>  Defendants. | 8:24CV299<br><br>ORDER |

In this putative class action (Filing No. 35), plaintiff Josiah Gibson ("Gibson") claims that defendants Burlington Capital PM Group, Inc, and Burlington Capital Properties, LLC (together, "Burlington"), violated his and other employees' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201 *et seq.*, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1128 *et seq*. After Burlington answered (Filing No. 11, 36), the parties stipulated to the dismissal of Gibson's FLSA rounding claim (Filing No. 42, 43). Burlington amended its answer (Filing No. 57)

The case proceeded to discovery, leading to several disputes over the parties' written discovery requests. *See* Fed. R. Civ. P. 34 (governing requests for production of documents). As relevant here, Burlington objected (Filing No. 62-2) to Gibson's request for the contact information of its supervisors and managers. It pointed to Gibson's allegations that some of his damages were caused by property managers "acting at the direction of corporate" and prohibitions on contacting an adverse party's management-level employees. *See* Neb. R. Prof. Conduct § 3-504.2 (barring a party's communications with a constituent of an organization "whose act or omission in connection with the matter may be imputed to the organization for purposes of" liability); Neb. Lawyer's

Advisory Comm., Ethics Advisory Op. 91-3 (1991). For his part, Gibson sought to avoid producing his cell phone for the extraction of a slew of data—including credit-card statements, communications, and locational data—that Burlington asserts would indicate the amount of time Gibson was able to engage in personal activities during on-call time (Filing No. 62-1). *See Rapp v. Network of Cmty. Options, Inc.*, 3 F.4th 1084, 1087 (8th Cir. 2021) (explaining that whether on-duty time is "working time" for FLSA purposes depends, in part, on "the extent to which [the worker] is free to engage in personal activities" and move about (quoting *Cent. Mo. Tel Co. v. Conwell*, 170 F.2d 641, 646 (8th Cir. 1948))).

On March 19, 2025, the magistrate judge[1] held a telephone conference to resolve those issues. *See* 28 U.S.C. § 636(b)(1) (providing a magistrate judge may be designated to "hear and determine any" nondispositive pretrial matter); NECivR 72.1 (stating a magistrate judge is responsible for "hearing and determining pretrial procedural and discovery motions"). He made rulings on the record and memorialized those determinations in an Order entered the following day (Filing No. 62). In part, the magistrate judge concluded Gibson could depose his managers but could not contact other managers or supervisors until they were identified as relevant to potential class members' claims. He further ordered Gibson to produce certain data from his on-call time, requiring the parties to choose a vendor to extract the data from his cell phone and split the cost of the extraction.

Now before the Court is Gibson's Statement of Objections (Filing No. 63) to the magistrate judge's Order. *See* Fed. R. Civ. P. 72(a); NECivR 72.2(a). Gibson first argues the magistrate judge erred in limiting his "ability to contact property managers" who he now claims are putative class members themselves. He asserts the magistrate judge misapplied the rules surrounding communication with an opposing party's corporate

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

managers. With respect to the cellular extraction, Gibson claims Burlington's request for various types of data is "irrelevant, intrusive, and burdensome." Burlington disagrees (Filing No. 74) and asks the Court to overrule Gibson's objections.[2]

In the present context, the Court may "modify or set aside" part of the magistrate judge's order if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). That sets a highly deferential standard of review. *See Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 569 (7th Cir. 2022); *Krick v. Raytheon Co.*, 757 F. Supp. 3d 342, 346 (E.D.N.Y. 2024). A finding is clearly erroneous "only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if [the Court is] left with the definite and firm conviction that an error was made." *E&I Glob. Energy Servs., Inc. v. Liberty Mut. Ins. Co.*, 134 F.4th 504, 511 (8th Cir. 2025) (quoting *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013)). Some courts in this circuit have held that for a magistrate judge's decision to be contrary to law, it must fail "to apply or misapply[y] relevant statutes, case law or rules of procedure." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)); *accord Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation omitted).

Gibson has not persuaded the Court that the magistrate judge's rulings meets either of these standards. Based on its review of the record in this case, including the recorded telephone conference (Filing No. 60), the Court finds the magistrate judge was well within his bounds in finding balanced solutions to the parties' discovery disputes.

---

[2]Burlington has also filed a Motion for Leave to Submit Evidence in opposition to certain claims Gibson made in his objections (Filing No. 73). *See* NECivR 72.2(b)(1) (requiring a party obtain a court order before offering additional evidence that was not presented to the magistrate judge). Gibson did not respond to that motion. Based on the ruling that follows, Burlington's motion to offer additional evidence is denied as moot.

Gibson's objections (Filing No. 63) are therefore overruled, and the magistrate judge's decision (Filing No. 62) is affirmed.

       IT IS SO ORDERED.

       Dated this 13th day of May 2025.

                                                    BY THE COURT:

                                                    Robert F. Rossiter, Jr.
                                                    Chief United States District Judge